IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:21-cr-438-ECM |
| | ) | (WO) |
| BRIAN KEITH SELLERS | ) | |

## MEMORANDUM OPINION and ORDER

Defendant Brian Keith Sellers ("Sellers") was charged on October 27, 2021, in a three–count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), receipt or possession of a firearm in violation of 26 U.S.C. §§ 5812, 5816(b) and 5871, and receipt or possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5816(b) and 5871.

On February 11, 2022, Sellers filed a motion to suppress "any items seized, statements made, and fruits of those items and statements, obtained as a result of the traffic stop and search" on June 10, 2021.   (Doc. 20 at 1).   Claiming that "the warrantless search of the Toyota was without probable cause and in violation of the Fourth Amendment," Sellers contends that all evidence seized and statements made should be suppressed.   After an evidentiary hearing, the Magistrate Judge recommended the motion to suppress be denied. (Doc. 43).   On July 11, 2022, Sellers filed an objection to the Report and Recommendation of the Magistrate Judge.   (Doc. 45).   Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that the Defendant's objection is due to be OVERRULED and the motion to suppress is due to be DENIED.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court conducted a complete and careful review of the record in this case which included reviewing the transcript of the suppression hearing and viewing the body camera videos.

## DISCUSSION

The Defendant's sole objection to the Report and Recommendation is to the Magistrate Judge's conclusion that the officer had probable cause to search the Defendant's vehicle.[1] (Doc. 45 at 1). Sellers does not dispute the lawfulness of the traffic stop. Rather,

---

[1] In his objection, the Defendant asserts that the officer's "observations" were nothing more than a

he asserts that Officer Esco lacked probable cause to search the vehicle.   Three is an automobile exception to the general rule that before a search is conducted, a warrant must be secured:

> For a warrantless search of an automobile to be constitutional, (1) the automobile must be readily mobile, and (2) there must be probable cause to believe that it contains contraband or evidence of a crime. *United States v. Watts,* 329 F.3d 1282, 1286 (11th Cir. 2003).   Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in the vehicle under the totality of the circumstances. *United States v. Tamari,* 454 F.3d 1259, 1264 (11th Cir. 2006).

*United States v. Lanzon*, 639 F.3d 1293, 1299–1300 (11th Cir. 2011).

Sellers does not object to the Magistrate Judge's finding that the automobile was mobile.   *See United States v. Delva*, 922 F.3d 1228, 1243 (11th Cir. 2019) ("There is no dispute in this case that the [vehicle] was operational.").   Thus, if probable cause existed for the search, the automobile exception was applicable, and the warrantless search was permissible.

> Although probable cause requires more than reasonable suspicion that criminal behavior is afoot, it doesn't entail the same "standard of conclusiveness and probability as the facts necessary to support a conviction." *United States v. Dunn*, 345 F.3d 1285, 1290 (11th Cir. 2003) (internal quotations omitted).

"hunch."   (Doc. 45 at 1).   To the extent the Defendant is objecting to the Magistrate Judge's credibility findings regarding Officer Esco and his testimony at the suppression hearing, his objection is due to be overruled.

When accepting a Magistrate Judge's credibility findings, the district court must review the transcript or listen to a recording of the proceedings. *Jeffrey S.*, 896 F.2d at 513.   The Court is not required to rehear the testimony.   *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010).   The Court has carefully reviewed the transcript from the evidentiary hearing and watched the body camera videos admitted into evidence at the evidentiary hearing.   The Court finds no basis to disturb the Magistrate Judge's credibility determination regarding Officer Esco's testimony as his testimony is supported by the videos.

> Rather, it requires only "a substantial chance" that evidence of
> criminal activity exists. *Illinois v. Gates*, 462 U.S. 213, 243
> n.13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We recently
> explained that this "substantial chance" exists "where the facts
> within the collective knowledge of law enforcement officials"
> suffice "to cause a person of reasonable caution to believe that
> a criminal offense has been or is being committed"—and here,
> that evidence of that offense will be found in a particular
> place. *Gates v. Khokhar*, 884 F.3d 1290, 1298 (11th Cir. 2018)
> (internal quotation marks omitted).

*United States v. Babcock*, 924 F.3d 1180, 1192 (11th Cir. 2019).

Although Sellers challenges individually each factor considered by the Magistrate Judge, "[t]he 'totality of the circumstances' requires courts to consider 'the whole picture.'" *D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018).   Officer Esco pulled Sellers' vehicle over because the tag on the vehicle was registered to a different vehicle.   When he initiated the traffic stop, Esco observed the occupants of the vehicle acting furtively and reaching around the interior of the vehicle.   As Officer Esco approached the vehicle, he observed tools commonly used in the theft of catalytic converters in the back seat of the vehicle. When asked for his driver's license, Sellers produced an old license and then dropped it on the ground instead of handing it to Esco.   Esco observed that both Sellers and his female passenger had indications of drug use including prison tattoos, dry skin, loose clothing and bad teeth.

When Officer Esco ran the driver's license given to him by Sellers, he discovered that Nathaniel Smith–the name on the license–had a high alert designation and over twenty felonies.   When Esco ran the registration information, he recognized that he had arrested

4

the registered owner of the vehicle two weeks earlier for possession of methamphetamine. Sellers told Esco that the vehicle belonged to his girlfriend.

When Esco asked Sellers to get out of the car, Sellers became belligerent and argumentative, and refused to follow instructions.   In addition, Sellers began to assert that the officers did not have probable cause to search the vehicle even though none of the officers had mentioned a search.   "Collectively, these circumstances gave the officers probable cause. . . This common sense conclusion doesn't depend on any particular fact taken in isolation; rather, as is often the case, the whole is . . . greater that the sum of its parts."   *Babcock*, 924 F.3d at 1193 (quoting *Wesby*, 138 S. Ct. at 588) (internal quotations omitted).

When considering the totality of the circumstances, the Court concludes that the Magistrate Judge did not err in denying Seller's motion to suppress because Officer Esco had probable cause to search Sellers' vehicle and the automobile exception to the warrant requirement exists.[2]   Thus, Sellers' objection is due to be overruled.

## CONCLUSION

For these reasons as stated, the Court concludes the Defendant's motion to suppress is due to be denied.   Accordingly, it is

ORDERED as follows that:

1.  the Defendant's objection (doc. 45) is OVERRULED;

---

[2] To the extent that Sellers argues Officer Esco intended to search his vehicle, "[a] police officer's subjective reasons for a search do not control the legal justifications for his actions, as long as objective circumstances justify the search." *Lanzon*, 639 F.3d at 1300.

2.  the Recommendation of the Magistrate Judge (doc. 43) is ADOPTED; and

3.  the Defendant's motion to suppress (doc. 20) is DENIED.

Done this 21st day of July, 2022.

_____/s/Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

6